# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP GREEN,<br><br>        Petitioner,<br><br>  v.<br><br>KEN CLARK,<br><br>        Respondent. | 1:09-cv-01518 OWW MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1983 conviction for second degree murder and a sentence of 15 years to life. (Pet., p. 1, ECF No. 1.)   In a December 1, 2008, decision, the Board of Parole Hearings ("Board") found Petitioner ineligible for parole. (Id. at 11.)   Thereafter, on March 11, 2009, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Mot. to Dismiss, Ex. 1, ECF No. 12-1.) In his state court petition, Petitioner alleges that the

-1-

1 failure of the Board to find him suitable for parole was a violation of due process. (Id. at 12.)
2 On July 29, 2010, the California Supreme Court denied relief, citing People v. Duvall, 9 Cal.4th
3 464, 474, 37 Cal. Rptr. 2d 259, 886 P.2d 1252 (1995). (Id. at 49.)

4     Petitioner filed the instant petition with this Court on August 27, 2009. (Id.) On June 24,
5 2010, Respondent filed the motion to dismiss currently before the Court, contending that
6 Petitioner's claims had not been exhausted in state court (Mot. to Dismiss.) On July 15, 2010,
7 Petitioner filed opposition to the motion to dismiss, contending that he had presented his
8 claims to the California Supreme Court and thereby exhausted his remedies. (Opp'n, ECF No.
9 14.) Respondent filed a reply to the opposition on July 21, 2010. (Reply, ECF No. 15.)

## II.    **LEGAL STANDARD**

11     Section 2254 of Title 28 of the United States Code imposes an exhaustion requirement
12 on state prisoners seeking federal habeas relief:

13     (b)(1) An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall
14     not be granted unless it appears that-

15     (A) the applicant has exhausted the remedies available in
the courts of the State; or
16
17     (B) (I) there is an absence of available State corrective
process; or (ii) circumstances exist that render such
process ineffective to protect the rights of the applicant.
18

19     Federal habeas review is available for a state prisoner's federal claims, and the
20 exhaustion requirement is rooted in the doctrines of comity and federalism. Ex parte Royall,
21 117 U.S. 241, 251, 6 S. Ct. 734, 29 L. Ed. 868 (1886) (creating a discretionary exhaustion
22 requirement in order to avoid "unnecessary conflict between courts equally bound to guard and
23 protect rights secured by the Constitution . . . ."); Rose v. Lundy, 455 U.S. 509, 518-519, 102
24 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("A rigorously enforced total exhaustion rule will
25 encourage state prisoners to seek full relief first from the state courts, thus giving those courts
26 the first opportunity to review all claims of constitutional error."). Thus, a petitioner must give
27 the state courts a fair opportunity to rule on his claims. This means he must present both the
28 operative facts and the federal legal theory to the highest state court permitted under the

state's rules. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); see also Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A petitioner must present his claims pursuant to the state's established procedures so as to ensure that the courts may reach the merits. See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (presenting in habeas corpus claims cognizable only in motion for post-conviction relief pursuant to rule of criminal procedure does satisfy exhaustion requirement). A California prisoner must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. See Carey v. Saffold, 536 U.S. 214, 229-30, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (describing California's habeas corpus procedure).

**III.   ANALYSIS**

    **A.   Respondent's Contentions**

Respondent argues that Petitioner failed to exhaust the available state remedies because the California Supreme Court, in its summary dismissal, cited to Duvall, indicating that the petition was procedurally defective. (Mot. to Dismiss. at 3.) Respondent contends that the presentation of a procedurally defective petition does not serve to exhaust state judicial remedies. (Id. at 4.) Further, Respondent asserts that because Petitioner is not precluded from filing another state petition, he has not exhausted all state remedies available.

Respondent claims that the petition was procedurally defective because Petitioner did not attach sufficient exhibits to it–specifically, the transcript from the hearing before the Parole Board (Id.) Respondent does not contend that Petitioner's pleadings, including the fourteen page memorandum of points and authorities submitted with the petition, are insufficient. (Id., Pet. to Sup. Ct. of Cal.) It appears that the only issue presented to this Court is whether Petitioner's California Supreme Court petition was procedurally deficient because of its failure to include the Parole board hearing transcript.

    **B.   Relevant Federal Law Regarding Exhaustion**

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must

1  include reference to a specific federal constitutional guarantee, as well as a statement of the
2  facts that entitle the petitioner to relief." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008),
3  citing Gray v. Netherland, 518 U.S. 152, 162- 63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).
4  In order "to exhaust the factual basis of the claim, the petitioner must only provide the state court
5  with the operative facts, that is, 'all of the facts necessary to give application to the constitutional
6  principle upon which [the petitioner] relies.' Id., citing Daugharty v. Gladden, 257 F.2d 750, 758
7  (9th Cir. 1958). The focus of a determination with regard to the fair presentation of a claim for
8  purposes of exhaustion is statements made by Petitioner. See Galvan v. Ala. Dep't of Corr., 397
9  F.3d 1198, 1204-1205 (9th Cir. 2005) ("That is, 'the prisoner must 'fairly present' his claim in
10 each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'
11 If she does not say so, then she does not "fairly present" the federal claim to the state court. It
12 may not take much, and as we held in Peterson, the inquiry is not mechanical, but requires
13 examination of what the petitioner said and the context in which she said it. To exhaust a federal
14 constitutional claim in state court, a petitioner has to have, at the least, explicitly alerted the court
15 that she was making a federal constitutional claim.") (citing Baldwin v. Reese, 541 U.S. 27, 124
16 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) and Peterson v. Lampert, 319 F.3d 1153 (9th Cir. 2003)).

17         Further, in Davis, the Ninth Circuit holds that the presentation of citations to legal sources,
18 including cases and statutes may alone be a basis to put the state on notice of the factual basis
19 of the Petitioner's claims.  Davis, 511 F.3d at 1010-11. Based on the standards set forth in
20 federal law, Petitioner need only alert the state court to the federal nature of the claim and
21 provide the operative facts of the claim.

22         Exhibits are not a required element of  the federal exhaustion standard. Respondent's
23 contention that exhibits must be attached to a petition creates a much more stringent standard
24 than is found in relevant federal authority.

25         Respondent cite several cases for the proposition that procedurally defective state filings
26 fail to exhaust federal claims.  However, none of these authorities are relevant to the current
27 factual scenario. Respondent relies on Pitchess v Davis, 421, U.S. 482, 488 (1975) to assert
28 that the fair presentation requirement is not satisfied if the state court fails to reach the merits

1  of a claim due to the procedural context in which it was presented. (Mot. to Dismiss at 3.)
2  However, in <u>Pitchess</u> the court found that petitioner's claim was not exhausted when it was
3  presented by the extraordinary writ of prohibition rather than by ordinary channels of appeal.
4  <u>Pitchess</u>, 421, U.S. at 488. Here, Respondent does not dispute that Petitioner sought the
5  appropriate type of review in the form of a petition of habeas corpus.  Accordingly, <u>Pitchess</u> is
6  inapposite.

7       <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1994), stands for nearly the same
8  proposition. The Court in <u>Roettgen</u> found that petitioner's claims were not exhausted because
9  he presented his claims to the state court by way of a petition for writ of habeas corpus rather
10 than via a Rule 32 petition for post-conviction relief as required by Arizona law. (<u>Id.</u>) Again, the
11 procedural form in which Petitioner presented his claims to the California Supreme Court is not
12 at issue.  <u>Roettgen</u> is inapposite.

13      Additionally, pro se petitioners proceeding without counsel are provided some level of
14 leniency in their filings. Their "petitions must be read in context and understood based on the
15 particular words used" therein.  <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1159 (9th Cir. 2003). As
16 the United States Supreme Court explained, the exhaustion requirement is not meant to "trap
17 the unwary pro se prisoner." <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 487, 120 S. Ct. 1595, 146
18 L. Ed. 2d 542 (2000).

19      No federal authority stands for the proposition that the absence of a Parole Board hearing
20 transcript or other appropriate exhibits would prevent a petitioner from fairly presenting his
21 federal claims to a state court for the purposes of exhaustion.

22       **C.     Relevant State Law Regarding Procedurally Defective Claims**

23      Respondent relies on <u>Duvall</u> for the proposition that the petition filed with the California
24 Supreme Court was procedurally deficient and did not exhaust his state remedies because it did
25 not include the full Parole Board transcript.  <u>Duvall</u>, 9 Cal. 4th at 474; (Mot. to Dismiss at 3-4.).
26 <u>Duvall</u> does indeed state that relevant documentary evidence should be filed with a petition for
27 writ of habeas corpus. <u>Duvall</u>, 9 Cal. 4th at 474, ("The petition should both (I) state fully and with
28 particularity the facts on which relief is sought, as well as (ii) include copies of reasonably

-5-

1  available documentary evidence supporting the claim, including pertinent portions of trial
2  transcripts and affidavits or declarations.") (citations omitted). However, read in its entirety,
3  Duvall further explains California habeas corpus procedure. Upon receiving a petition, the state
4  appellate court is to review the petition to see if petitioner is entitled to relief:

> An appellate court receiving such a petition evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief. If no prima facie case for relief is stated, the court will summarily deny the petition. If, however, the court finds the factual allegations, taken as true, establish a prima facie case for relief, the court will issue an [order showing cause]. (citations omitted.)

Duvall, 9 Cal. 4th at 474-475. Accordingly, under the standard in Duvall, a petition should not be denied solely because of a lack of documentary evidence, especially if the Petitioner alleges facts that would entitle him to relief. The court may file an order to show case inviting Respondent to file a response and indicate where further documentary evidence should be provided. Id. at 476 ("In addition to stating facts, the return should also, where appropriate, … provide such documentary evidence, affidavits, or other materials as will enable the court to determine which issues are truly disputed."). Applying the standard set by the Supreme Court of California, a California appellate court is only to deny a petition if it fails to state a prima facie case for relief. Therefore, even under the California standard of review, failure to provide documentary evidence with a petition is not an appropriate basis for summary denial of a claim.

**1.   Federal Interpretation of Relevant State Law**

Respondent argues that the petition for writ of habeas corpus filed in the California Supreme Court was inadequate to meet the exhaustion requirement because the California Supreme Court denied the petition with citations to People v. Duvall, 9 Cal. 4th at 474. (Mot. to Dismiss at 3-4.) Respondent is correct that denial of habeas relief with citation Duvall constitutes a denial without prejudice to bringing another habeas petition in an attempt to plead the case with more specificity. See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (construing California Supreme Court's dismissal citing Duvall and other cases.).

However, the Ninth Circuit has considered whether a citation to In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949), an earlier California Supreme Court case standing for a similar

proposition regarding exhaustion, is sufficient to find a failure to exhaust. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986). In Kim, the Petitioner sought habeas corpus relief in the trial court, the appellate court, and then in the California Supreme Court. The California Supreme Court denied relief, citing a number of cases including In re Swain, 34 Cal. 2d at 304. The petitioner sought habeas relief in the federal court, and that court found that petitioner had failed to exhaust all of his claims as required by Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Id., at 1318. Thus, petitioner returned to state court and filed a second petition for a writ of habeas corpus in the California Supreme Court. Id. The petition was identical to the first petition in that court, but attached a number of exhibits in support of his claims. Id. The California Supreme Court denied relief for the same reasons it denied the first petition. Id. Petitioner then returned to federal court with his claims. The district court dismissed the petition for failure to exhaust. Id. at 1318-1319. On appeal, the Ninth Circuit reversed.

In Kim, the Ninth Circuit explained that even though a citation to In re Swain is a dismissal without prejudice to filing a new petition, it does not necessarily mean that the petitioner failed to exhaust. Id. at 1319. The court noted that the petitioner in that case alleged that he could not state his claim with any greater particularity. Id. at 1319-1320. If that were the case, "then the California Supreme Court's denial for lack of particularity amounts to a holding that the claims themselves are defective," and the petitioner would have exhausted the available state remedies. Id. at 1320. The upshot, then, is that,

> The state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court. Such a result would defeat the purposes of section 2254. It is therefore incumbent upon [the federal court], in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine [the] petition to the California Supreme Court.

Id., at 1320; see also Wilwording v. Swenson, 404 U.S. 249, 250, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) ("Section 2254 does not erect barriers to the invocation of federal habeas corpus."), superseded on other grounds by statute.

This Court holds that the Ninth Circuit's reasoning in Kim applies when the California

Supreme Court denies a case and cites either In re Swain or Duvall. Accordingly, as the California Supreme Court denied the petition with reference to Duvall, this Court must independently examine the petition to the California Supreme Court and determine if the claims were fairly presented. If so, the California Supreme Court's denial is effectively a denial on the merits, exhausting Petitioner's claims, and allowing Petitioner to seek federal review. Kim, 799 F.2d at 1320.

    2. Determination of Whether Petitioner's Claims to the California Supreme Court were Fairly Presented

  Respondent argues that Petitioner's claim presented to the California Supreme Court was not fairly presented because of Petitioner's failure to include sufficient exhibits. However, claims are fairly presented if the petition states the "specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Davis, 511 F.3d at 1009. In addition to the other elements of his California Supreme Court petition, Petitioner included a fourteen page memorandum of points and authorities describing his claims. (Mot. to Dismiss, Ex. A.) His petition throughly addressed: the standard of review for parole; the facts of the commitment offense; his statements of remorse during the parole hearing; a comparative analysis of the level of callous disregard involved in the commitment offence and other similar offenses; Petitioner's lack of a previous record of violence; the lack of evidence that Petitioner is a current and unreasonable risk of danger to society; Petitioner's significant record of self help; Petitioner's lack of discipline while incarcerated; and, Petitioner's plans upon release. (Id.)

  Petitioner provides significant detail in his pleading to the California Supreme Court. A habeas petitioner need not present the state court with every piece of evidence supporting his federal claims. Davis, 511 F.3d at 1009. A petitioner need only allege "the facts necessary to give application to the constitutional principle upon which" he relies. Id. Petitioner presented to the California Supreme Court the same allegations he presents to this Court. The fact that Petitioner could have pled his case with more particularity does not leave his claims unexhausted.

  Having examined the petition for a writ of habeas corpus filed in the California Supreme

Court, this Court finds that Petitioner fairly presented to that court the claim presented in his federal petition, i.e., that the decision of the Board in denying him parole violated his due process rights. The fact that Petitioner did not attach a ful copy of the Board hearing or decision to his California Supreme Court petition is not necessary to fairly present the claims. The California Supreme Court's denial of the petition shall be considered a denial on the merits exhausting his state court claims.

**IV.    CONCLUSION**

For the reasons explained above, the Court finds that Petitioner fairly presented his claims to the California Supreme Court. Accordingly, this Court recommends that Respondent's motion to dismiss be denied. Petitioner has exhausted his claims before the California Supreme Court.

**V.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be DENIED as Petitioner has exhausted his claim before the California Supreme Court.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the ///
///
///
///
specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst,

1  951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  Dated:    September 6, 2010            /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE