UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP GREEN, | ) | 1:09-cv-01518 OWW MJS HC |
| | ) | |
| Petitioner, | ) | SUPPLEMENTAL FINDINGS AND RECOMMENDATION |
| | ) | |
| v. | ) | [Doc. 16] |
| | ) | |
| KEN CLARK, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Findings and Recommendation issued by this Court on September 7, 2010, are hereby VACATED and replaced with the Supplemental Findings and Recommendation which follow.

On August 27, 2009, Petitioner filed the instant petition for writ of habeas corpus challenging state court findings upholding a December 1, 2008, decision of the California Board of Parole. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

On June 24, 2010, Respondent filed a motion to dismiss the petition based on petitioner's failure to exhaust state remedies. (Mot. to Dismiss, ECF No. 12.) On September

-1-

7, 2010, this Court issued Findings and Recommendation recommending that the motion to dismiss be denied (Findings and Recommendation, ECF No. 16.)

In light of the recent United States Supreme Court Decision in <u>Swarthout v. Cooke</u>, ___ U.S.___, No. 10-333, 2011 U.S. LEXIS 1067 (Jan. 24, 2011), discussed in more detail below, this Court hereby VACATES the findings and recommendations issued on September 7, 2010 and will address the merits of the petition. "An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir. 2010); <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, <u>Swarthout v. Cooke</u>, 2011 U.S. LEXIS 1067. The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. <u>Hayward</u>, 603 F.3d at 563; <u>Pearson</u>, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in <u>Swarthout v. Cooke</u>, 2011 U.S. LEXIS 1067. In <u>Swarthout</u>, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." <u>Id.</u> at *10. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at *6, *citing*, <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> Answer Ex. A, ECF No. 19-1.) According to the Supreme Court, this is "the

1 beginning and the end of the federal habeas courts' inquiry into whether [the petitioner]
2 received due process." Swarthout, 2011 U.S. LEXIS 1067 at *7. "The Constitution does not
3 require more [process]." Greenholtz, 442 U.S. at 16.

4     Given the holding in Swarthout, this Court must and does conclude that the instant
5 petition does not present cognizable claims for relief and must be summarily dismissed.

## RECOMMENDATION

7     Accordingly, the Court HEREBY RECOMMENDS that the Petitioner's Petition be
8 SUMMARILY DISMISSED with prejudice for failure to state cognizable claims for relief.

9     This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger,
10 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636
11 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
12 Eastern District of California. Within thirty (30) days after the date of service of this Findings
13 and Recommendation, any party may file written objections with the Court and serve a copy
14 on all parties.  Such a document should be captioned "Objections to Magistrate Judge's
15 Findings and Recommendation."  Replies to the Objections shall be served and filed within
16 fourteen (14) days after service of the Objections.  The Finding and Recommendation will then
17 be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28
18 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the
19 specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst,
20 951 F.2d 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.
23 Dated:   February 3, 2011       /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE